O P I N I O N
This is an appeal from the Ashtabula County Court, Western District. Appellant, Robert V. Tucker, appeals the trial court's judgment entry overruling his Administrative License Suspension appeal.
A traffic citation was issued on December 10, 1999, charging appellant with speeding, in violation of R.C. 4511.21; failure to wear a seatbelt, in violation of R.C. 4513.263; traveling left of center, in violation of R.C. 4511.25; and operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). After appellant refused to submit to a breath test, he was placed under an Administrative License Suspension ("ALS") pursuant to R.C. 4511.191(D)(1)(a). On that same date, appellant filed an ALS appeal and a motion to stay suspension. On December 16, 1999, he entered a plea of not guilty to all of the charges. The trial court stayed the ALS.
On March 22, 2000, appellant entered a plea of no contest to an amended charge of reckless operation of a motor vehicle. Appellant was found guilty of reckless operation, and the remaining charges were dismissed. The ALS was not terminated as appellant refused to take a breath or blood alcohol test after being charged with driving under the influence, in violation of R.C. 4511.19(A)(1).
On May 11, 2000, the parties submitted a joint stipulation of facts to the trial court in lieu of an evidential hearing on the ALS, which revealed that: (1) appellant was arrested on December 10, 1999 and charged with driving under the influence; (2) subsequent to his arrest, he was taken to the Ohio State Highway Patrol Post where he was read the ALS form and advised of the consequences of refusing the breath test; (3) he refused the breath test, and his license was immediately suspended for one year since it was appellant's first arrest for driving under the influence of alcohol; (4) the arresting officer had one copy of the ALS form notarized and sent to the Ohio Bureau of Motor Vehicles; and (5) the arresting officer then filed the court's copy of the ALS form with the court on December 13, 1999, but that copy was not notarized. The trial court overruled appellant's ALS appeal on May 24, 2000. It is from that entry that appellant timely filed the instant appeal and now asserts the following as error:
 "The trial court erred to the prejudice of [appellant] when it overruled [his] appeal of his Administrative License Suspension."
 Appellant's sole contention is that the trial court erred in overruling his ALS appeal because the arresting officer failed to comply with the statutory requirements for imposing the ALS.
R.C. 4511.191(D)(1) states that:
"* * *
 "If a person under arrest * * * is asked by a police officer to submit to a chemical test * * * and is advised of the consequences of the person's refusal or submission * * * and if the person either refuses to submit to the designated chemical test * * *, the arresting officer shall do all of the following:
 "(a) On behalf of the registrar, serve a notice of suspension upon the person that advises the person * * * that the suspension takes effect immediately, that the suspension will last at least until the person's initial appearance on the charge that will be held within five days after the date of the person's arrest or the issuance of a citation to the person, and that the person may appeal the suspension at the initial appearance; * * *.
 "(b) Verify the current residence of the person and, if it differs from that on the person's driver's or commercial driver's license or permit, notify the registrar of the change;
 "(c) In addition to forwarding the arrested person's driver's or commercial driver's license or permit to the registrar, send to the registrar, within forty-eight hours after the arrest of the person, a sworn report * * *:
"* * *
 "(2) The sworn report of an arresting officer * * * shall be given by the officer to the arrested person at the time of the arrest or sent to the person by regular first class mail by the registrar as soon thereafter as possible, but no later than fourteen days after receipt of the report. An arresting officer may give an unsworn report to the arrested person at the time of the arrest provided the report is complete when given to the arrested person and subsequently is sworn to by the arresting officer. As soon as possible, but no later than forty-eight hours after the arrest of the person, the arresting officer shall send a copy of the sworn report to the court in which the arrested person is to appear on the charge for which the person was arrested.
 "(3) The sworn report of an arresting officer completed and sent to the registrar and the court * * * is prima-facie proof of the information and statements that it contains and shall be admitted and considered as prima-facie proof of the information and statements that it contains in any appeal under division (H) of this section relative to any suspension of a person's driver's or commercial driver's license or permit or nonresident operating privilege that results from the arrest covered by the report." (Emphasis added.)
 Thus, R.C. 4511.191(D)(1)(c) and (D)(2) require that an arresting officer seeking an ALS file, within forty-eight hours of the arrest, a notarized copy of the original ALS form with the registrar and the court, in which the arrested person is to appear.
In the case sub judice, appellant relies on State v. Frame (May 24, 1999), Morrow App. No. CA-881, unreported, 1999 WL 333249. In Frame, at the ALS hearing, the state offered a copy of the BMV Form 2255 into evidence, but the trial court sustained an objection to the admission of the form since the state's exhibit was not a notarized copy of the original document as required by R.C. 4511.191(D)(1)(c) and (D)(2).[1]Id. at 1. Furthermore, the arresting officer did not send a copy of the sworn ALS form to the trial court, and as a result, after a hearing, the trial court sustained the defendant's ALS appeal since the officer failed to comply with the requirements of the statute. Id. at 3. The court of appeals affirmed the trial court's decision and reasoned that "[t]he sending of a copy of the sworn report to the court is a mandatory requirement. The statute uses the term `shall' and does not allow for an arresting officer's authentication of the BMV Form 2255 at an ALS appeal hearing as a substitute for the actual sending of the document." Id.
It is our position that this case is distinguishable from Frame because in Frame, neither the trial court nor the Bureau of Motor Vehicles were the recipients of a sworn report, whereas in the case at bar, the Bureau of Motor Vehicles did receive a sworn copy of the report. Also, the parties jointly stipulated to the fact that the original copy of the ALS form was properly signed, notarized, and filed with the Bureau of Motor Vehicles. Also, attached to their joint stipulation of facts, was a copy of the original notarized and signed ALS form that was filed with the Bureau of Motor Vehicles, as well as the copy filed with the court, which did not have the officer's notarized signature.
In our view, the trial court did not commit an error in concluding that: "[f]or a reason or reasons not known to the court the officer's signature and notarization are on the original at the lower right part of the form but not on the court copy. This may be because the `White/original' was separated from the carbon packet when said signature and notarization occurred." Therefore, we conclude that there was substantial compliance with R.C. 4511.191(D)(1) since the parties had a copy of the notarized form which was sent to the Bureau of Motor Vehicles. Thus, the trial court did not err in overruling appellant's ALS appeal.
We note that our outcome in this case is not meant to contradict our prior opinion in State v. Haghighi (Aug. 30, 1996), Portage App. No. 96-P-0012, unreported, 1996 WL 535243. In Haghighi, the defendant was arrested for driving under the influence of alcohol. Id. at 1. After he refused to submit to a blood alcohol test, he was placed under an ALS.Id. The arresting officer served the defendant with a completed, unsworn copy of BMV Form 2255 at the time of his arrest, but he never served the defendant with a sworn copy of the form. Id. The defendant maintained that the state's failure to serve him with the sworn copy necessitated the invalidation of his ALS. Id. This court concluded that the state's failure to provide the defendant with a notarized sworn copy of BMV Form 2255 was not grounds to invalidate an ALS because the defendant had received an identical unsworn copy at the time of his arrest. Id. at 5. Furthermore, we stated that "[t]he sworn report is absolutely necessary for the BMV, in that it immediately acts on the sworn report and suspends the license." (Emphasis added.) Id. at 6. We still support out holding in Haghighi that a sworn copy of the report must be sent to the Bureau of Motor Vehicles.
For the foregoing reasons, appellant's lone assignment of error is not well-taken. The judgment of the Ashtabula County Court, Western District is affirmed.
 _____________________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., CHRISTLEY, J., concur.
[1] It is not clear from a reading of the Frame case in what specific manner the state's exhibit was proffered, viz., as a copy of BMV Form 2255 submitted to the Bureau of Motor Vehicles and/or the defendant, or both.